UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC T. K.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C25-5947-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found facet arthropathy of the lumbar spine, diabetes and erosive gastritis are severe impairments; hypertension, hyperlipidemia, tinnitus, obesity, anxiety, and depression are medically determinable but not severe; Plaintiff has the residual functional capacity (RFC) to perform medium level work, carry and lift 50 pounds occasionally and 25 pounds frequently, stand, sit and walk six hours a day, frequently climb, kneel and crouch, tolerate concentrated atmospheric conditions and occasionally work around unprotected height or hazardous unshielded moving machinery; and Plaintiff is not disabled because he can perform past relevant work as a tractor-trailer driver, a medium exertional level job that he performed at the light exertional level.

Plaintiff contends the ALJ: (1) erroneously found he could perform past relevant work as a tractor trailer driver; (2) misevaluated the opinions of Richard Henegan, M.D., Kimberly

ORDER REVERSING AND REMANDING - 1

Wheeler, Ph.D., and Dr. Abel; (3) misevaluated Plaintiff's testimony; and (4) failed to consider the impact of Plaintiff's long-COVID and Adjustment Disorder in determining RFC. As relief, Plaintiff argues the Court should remand the case for calculation of an award of benefits.

**DISCUSSION**

**A.      Past Relevant Work**

The parties disagree whether the vocational expert testified Plaintiff could not perform past relevant work as a tractor-trailer driver. The Court need not unravel this dispute because as discussed below, the ALJ misevaluated relevant medical opinions and Plaintiff's testimony and the case must be remanded for further proceedings.

**B.      Medical Opinions**

ALJs must articulate the persuasiveness of each medical opinion and explain how they considered each opinion's supportability and consistency. The ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

**1.      Richard Henegan. M.D**.

The ALJ rejected Dr. Henegan's October 2023 opinion Plaintiff can only perform light exertional work, with additional postural and environmental limitations, on the grounds the opinion is not supported by the doctor's exam which indicated grossly normal strength, sensation, range of motion and gait and because the opinions were "generally inconsistent with the medical evidence as a whole which documents relatively intermittent and conservative treatment over the period at issue." Tr. 25.

The ALJ erred in discounting Dr. Henegan's opinion as unsupported. Dr. Henegan opined due to "post-traumatic arthropathy of the lumbar spine," Plaintiff can lift and carrying at

the light work level, and he was also limited to occasional climbing, stooping crawling. Tr. 506. Dr. Hengan further opined Plaintiff was limited to working around heavy machinery, dust, fumes and gases due to "post-traumatic arthropathy of the lumbar spine, chronic cough post COVID infection." *Id.* The ALJ did not acknowledge or address these bases for Dr. Henegan's opinions and accordingly erred.

The ALJ also erred in discounting Dr. Henegan's opinion as inconsistent with the record. The sole inconsistency the ALJ identifies is Plaintiff's "relatively intermittent and conservative treatment." Substantial evidence does not support this finding. First, the ALJ did not find the medical record described symptoms or limitation that contradicted Dr. Henegan's opinion. Second, the ALJ did not find or discuss whether other treatment for Plaintiff's back problems was or is available. And third, this is not a case where Plaintiff declined recommended treatment and instead chose conservative treatment. *See e.g. Wennet v. Sault*, 777 Fed.Appx. 875, 877 (9th Cir. 2019) (Claimant's choice of more conservative treatment, failure to see a neurologist or to try Botox injections despite multiple recommendations is evidence of conservative treatment and sufficient to claimed severity of an impairment.).

The Court concludes the ALJ harmfully erred in discounting Dr. Henegan's and must reassess the opinion on remand.

### 2.    Kimberly Wheeler, Ph.D.

At step-two, the ALJ discounted Dr. Wheeler's opinion Plaintiff is moderately limited in his ability to under, remember and persist in tasks, perform tasks without supervision, make simple decision, or set realistic goals; markedly limited in his ability to understand and remember, persist in tasks by following detailed instruction, learn new tasks, or adapt to changes; and severely limited in his ability to maintain attendance, communicate effectively or complete a

ORDER REVERSING AND REMANDING - 3

normal workday. Tr. 22 (referring to opinion at Tr. 692-93). The ALJ rejected the opinion as primarily based upon Plaintiff's statements rather than objective testing or clinical signs and symptoms, and that the opinion "is generally not consistent with the record as a whole." Tr. 22.

The ALJ erred. The ALJ may discount a medical opinion based "to a large extent" on a claimant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). Here Dr. Wheeler did not merely parrot Plaintiff's statements in assessing his limits. Rather under "clinical findings" the doctor noted Plaintiff's statements and also stated that Plaintiff:

> Displayed difficulties with executive function, struggled to organize his thoughts in right frame or level of detail, the ADLs question above is particularly open-ended and self directed, he struggled to find the scope he wanted to use to explain his experience. The information was there, but he struggled to organize his response, to offer context.

Tr. 692. The records shows Dr. Wheeler made independent clinical observations about Plaintiff's functioning and thus it cannot be reasonably said she relied more heavily on Plaintiff's statements than her own findings.

The ALJ also found Dr. Wheeler's opinions are not "generally not consistent with the record as a whole." This is a conclusory statement and insufficient justification to reject Dr. Wheeler's opinion. *See e.g. Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.1988). Additionally, while the ALJ mentioned Dr. Wheeler's opinions at step-two, the ALJ did not discuss the doctor's opinions in determining RFC even though the ALJ was required to do so given the ALJ's finding that anxiety and depression were both medically determinable

ORDER REVERSING AND REMANDING - 4

impairments. Tr. 21. The Court accordingly concludes the ALJ harmfully erred in rejecting Dr. Wheeler's opinions and must reassess them on remand.

### 3. Jordan Abel, M.D.

The ALJ discounted Dr. Abel's opinions on the grounds the doctor did not issue a formal function-by-function opinion or functional analysis, and provided a vague, conclusory statement lacking any narrative explanation of why he did not believe it was safe for Plaintiff to return to past work. The ALJ also found the opinion inconsistent with the medical record. Tr. 25.

Dr. Abel treated Plaintiff and in his treatment notes states Plaintiff has Post-COVID chronic concentration deficit; Plaintiff has intrusive thoughts and some hypervigilance that "stops him from going to a doctor"; and that given the "severity of his symptoms he has not been able to work, and I do not think it is safe that he works (working as a truck driver)." Tr. 522. It is unsurprising Dr. Abel did not provide a detailed vocational function analysis given the fact his statements appear in treatment records, not a medical-vocational assessment. The ALJ is required to consider all relevant evidence is determining RFC and Dr. Abel's opinions are relevant evidence. To the extent the doctor's opinions were unclear or the bases for the opinions needed amplification, the ALJ should have supplemented or expanded the record, rather than simply reject the opinion outright. *See e.g. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ accordingly erred in this regard.

The ALJ also rejected the opinion as "inconsistent with the medical record as a whole." As noted above, this is an insufficient conclusory statement and erroneous. The ALJ accordingly on remand shall reassess Dr. Abel's opinions and develop the record as necessary.

### 4. Plaintiff's Testimony and Impact of Covid-19.

ORDER REVERSING AND REMANDING - 5

The ALJ discounted Plaintiff's testimony that his physical and mental problems, and COVID-19 related memory issues prevented him from working as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Tr. 23. The ALJ indicated in January 2023 when Plaintiff alleged onset of disability, Plaintiff suffered from intermittent gastric pain, loose stools, and vomiting. Endoscopy examination revealed erosive gastritis. In October 2023, Plaintiff indicated he had constant stomach pain, issues with the consequences of COVID-19, and diabetes. His daily vomiting resolved but he continued to have epigastric pain. In September of 2023 imaging tests of Plaintiff's back revealed mild multilevel arthropathy of the lower back and probable disc degeneration; Plaintiff has a history of remote back injury which grew progressively worse; Plaintiff received physical therapy, massage and chiropractic manipulation, and had unpredictable spasms and severe pain exacerbated by twisting, lifting and getting out of a truck. Tr. 24. This recitation of Plaintiff's medical history does not clearly and convincingly establish the medical evidence is inconsistent with Plaintiff's testimony.

The ALJ also indicated in an October 2023 examination, Plaintiff could sit and rise from a chair, get on and off an exam table without help, had normal strength, and could walk in tandem, had normal muscle. These findings made in the confines of an exam room, do not show Plaintiff can walk and stand for six hours, and Dr. Henegan who examined Plaintiff that October opined Plaintiff was more limited than the ALJ found based upon post-traumatic arthropathy of the lumbar spine and chronic post-COVID-19 infection which the ALJ did not address.

The ALJ also did not articulate what other evidence of record contradicted Plaintiff's testimony, and the Court thus finds the ALJ's reliance on "other evidence" is an insufficient bases upon which to discount Plaintiff's testimony about his limitations including the impact of

ORDER REVERSING AND REMANDING - 6

long-COVID19. Plaintiff suggests the ALJ erred in failing to consider Adjustment Disorder in determining RFC in that he displayed cognitive limitations. Those limitations were noted by Dr. Henegan and should thus be reassessed on remand.

## CONCLUSION

For the reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court rejects Plaintiff's argument the record is complete, and the case should be remanded for benefits and instead finds that further proceedings would be beneficial and there are issues that still need to be addressed and resolved.

According, on remand, the ALJ shall reassess the opinions of Drs. Henegan, Wheeler, and Abel; reassess Plaintiff's testimony, develop the record and redetermine RFC as necessary and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 4th day of May, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 7